UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

Aleksandar Zunzurovski,

                           Plaintiffs

-against-

Desmond C. Finger,
Michael Wright,
Nick Valentine,
Maria Katz,
John Loukas,
Jimmy Kim,
Michael Mueller, and
Mike Dobronski,

                           Defendants

_____x

Case Number: 23-4883
DEMAND FOR JURY TRIAL
COMPLAINT

Plaintiff Aleksandar Zunzurovski ("Plaintiff Zunzurovski" or "Mr. Zunzurovski"), individually by and through his attorney, Tyrone Blackburn Esq, upon their knowledge and belief, and as against Desmond C. Finger ("Mr. Finger"); Michael Wright ("Mr. Wright"); Nick Valentine ("Mr. Valentine"); Maria Katz ("Ms. Katz"), John Loukas ("Mr. Loukas"), Jimmy Kim ("Mr. Kim"), Michael Mueller ("Mr. Mueller") and Mike Dobronski ("Mr. Dobronski") (collectively, "The Collective") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendants under and consistent with the Constitutional requirements of Due Process in that Defendants, acting directly or through their agents or apparent agents, committed one or more of the following:

    a. The transaction of any business within the state;

    b. The making of any contract within the state;

    c. The commission of a tortious act within this district; and

    d. The ownership, use, or possession of any real estate in this state.

2. The Court has supplemental jurisdiction over the Plaintiffs' related claims under state and local law under 28 USC § 1367(a).

3. The plaintiff has complete diversity from all of the Defendants as the following is true:

    a. The plaintiffs are residents of New Jersey.  Plaintiff resides at 44 Leonard Avenue, Tenafly, New Jersey 07670. Bergen County.  Plaintiff is a United States citizen.

    b. The individual Defendant Desmond C. Finger resides in New York State at the following addresses:  Finger resides at 101 W 90th Street, Apt. 15C New York, NY 10024-1271 New York County.  Upon information and belief, Finger is a United States citizen.

    c. Defendant Michael Wright resides at 333 E 60th St, New York, NY 10022, in New York County.  Upon information and belief, Wright is a United States citizen.

    d. Defendant Nick Valentine resides at 280 Dow Avenue, Carle Place, NY 11514, in New York County.  Upon information and belief, Valentine is a United States citizen.

    e. Defendant Maria Katz resides at 280 Dow Avenue, Carle Place, NY 11514, in New York County.  Upon information and belief, Katz is a United States citizen.

    f. Defendant John Loukas resides at 3878 Hickory Street, Seaford, NY 11783, in New York County.  Upon information and belief, Loukas is a United States citizen.

    g. Defendant Jimmy Kim resides at 333 E 60th St, New York, NY 10022, in New York County.  Upon information and belief, Kim is a United States citizen.

    h. Defendant Michael Mueller resides at 333 E 60th St, New York, NY 10022, in New York County.  Upon information and belief, Mueller is a United States citizen.

    i. Defendant Mike Dobronski resides at 322 Karen Ave Unit 2303, Las Vegas, NV 89109, in New York County.  Upon information and belief, Dobronski is a United States citizen.

4. Damages far exceed the $75,000.00 threshold for diversity jurisdiction.

## PARTIES

*Plaintiff* Aleksandar Zunzurovski

5. Plaintiff Zunzurovski is a personal trainer, coach, nightclub host, manager, and entrepreneur.  Plaintiff Zunzurovski is an English and Macedonian, German-speaking Caucasian male who resides at 44 Leonard Avenue, Tenafly, New Jersey 07670.

### *Defendant* Desmond C. Finger

6. Defendant Finger was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").

7. Upon information and belief Finger worked as a Host and or Manager of Sapphire.

8. Upon information and belief Finger was accused of sexually harassing and/or assaulting Sapphire employees.

9. Upon information and belief, Finger is a citizen of the state of New York or Florida, with a principal residence location at 101 W 90th Street, Apt. 15C New York, NY 10024-1271 New York County.

### *Defendant* Michael Wright

10. Defendant Wright was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").

11. Upon information and belief, Wright worked as Sapphire's Host and/or Manager.

12. Upon information and belief, Wright was accused of sexually harassing and/or assaulting Sapphire employees.

13. Upon information and belief, Wright is a citizen of the state of New York, with a principal residence location at 333 E 60th St, New York, NY 10022.

### *Defendant* Nick Valentine

14. Defendant Valentine was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").

15. Upon information and belief, Valentine worked as Sapphire's Host and or Manager.

16. Upon information and belief, Valentine was accused of sexually harassing and/or assaulting Sapphire employees.

17. Upon information and belief, Valentine is a citizen of the state of New York, with a principal place of residence located at 280 Dow Avenue, Carle Place, NY 11514.

### *Defendant* Maria Katz

18. Defendant Katz was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").

19. Upon information and belief, Katz worked as Sapphire's Host and/or Manager.
20. Upon information and belief, Katz was accused of sexually harassing and/or assaulting Sapphire employees.
21. Upon information and belief, Katz is a citizen of the state of New York, with a principal residence location at 280 Dow Avenue, Carle Place, NY 11514.

*Defendant* John Loukas

22. Defendant Loukas was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").
23. Upon information and belief, Loukas worked as a Host and or Manager of Sapphire.
24. Upon information and belief, Loukas was accused of sexually harassing and/or assaulting Sapphire employees.
25. Upon information and belief, Loukas is a citizen of the state of New York, with a principal residence location at 3878 Hickory Street, Seaford, NY 11783.

*Defendant* Jimmy Kim

26. Defendant Kim was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").
27. Upon information and belief, Kim worked as Sapphire's Host and or Manager.
28. Upon information and belief, Kim was accused of sexually harassing and/or assaulting Sapphire employees.
29. Upon information and belief, Kim is a citizen of the state of New York, with a principal place of residence located at 333 E 60th St, New York, NY 10022.

*Defendant* Michael Mueller

30. Defendant Mueller was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").
31. Upon information and belief, Mueller worked as Sapphire's Host and or Manager.
32. Upon information and belief, Mueller was accused of sexually harassing and/or assaulting Sapphire employees.

33. Upon information and belief, Mueller is a citizen of the state of New York, with a principal residence location at 333 E 60th St, New York, NY 10022.

*Defendant* Mike Dobronski

34. Defendant Dobronski was an employee of Jacaranda Club, LLC D/B/A Sapphire New York ("Sapphire").
35. Upon information and belief, Dobronski worked as Sapphire's Host and/or Manager.
36. Upon information and belief, Dobronski was accused of sexually harassing and/or assaulting Sapphire employees.
37. Upon information and belief, Dobronski is a citizen of the state of Nevada, with a principal residence location at 322 Karen Ave Unit 2303, Las Vegas, NV 89109.

## NATURE OF ACTION AND FACTUAL ALLEGATIONS:

38. This is an action for monetary and declaratory relief to redress the Defendants' violation of the Plaintiffs' rights.  Plaintiff seeks relief for Unjust Enrichment.
39. At all times relevant to this Complaint, the collective were employees of Sapphire.
40. Upon information and belief, the collective worked as "Hosts" or managers of the dancers and junior staff during their employment with Sapphire.
41. On or about April 5, 2019, Maria Vasquez ("Vasquez"), a former dancer and employee of Sapphire, sat for a deposition ("Vasquez Depo") in a lawsuit she filed against Sapphire, James Mark Talla, Jeffrey Wasserman, and Glen Peter Bernardi.  This matter was held before Arbitrator Martin F. Scheinman.
42. During the Vasquez Depo, Plaintiff and the collective were named as "Hosts" who allegedly sexually harassed and or assaulted Vasquez.
43. On or about April 12, 2019, Natalia Titova ("Titova"), a former dancer and employee of Sapphire, sat for a deposition ("Titova Depo") in a lawsuit she filed against Sapphire, James Mark Talla, Jeffrey Wasserman, and Glen Peter Bernardi.  This matter was held before Arbitrator Martin F. Scheinman.
44. During the Titova Depo, Plaintiff and the collective were named as "Hosts" who allegedly sexually harassed and or assaulted Titova.
45. At the end of their arbitrations, Vasquez and Titova were awarded a total of $1,375,000.00.

46. On or about December 2016, Plaintiff filed a lawsuit against Sapphire ("P. Sapphire lawsuit") and David Michael Talla for   FLSA and the regulations thereto; and according to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed: i.  Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations; ii.  Defendant's failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6 and 137-1.7; iii. Defendant's failure to provide Plaintiff with proper paystubs as required by NYLL § 195; and iv. Defendants' unlawful retention of tips and service fees under NYLL § 196-d.

47. The P. Sapphire lawsuit was brought before Arbitrator Martin Scheinman.

48. At the end of P. Sapphire's lawsuit, Plaintiff was awarded $2,118,483.64 minus the $1,375,000.00 awarded to Titova and Vasquez. Minus $124,920 in attorney's fees charged regarding the sexual harassment claims by Titova and Vasquez.

49. As evidenced by their deposition transcripts, the Plaintiff and the collective were named "Hosts" and or managers allegedly engaged in the acts that served as the basis of Titova and Vasquez's lawsuit. Yet, Plaintiff was the only Host and or Manager required to foot the bill of the arbitrator's award given to Titova and Vasquez.

50. As a direct result, the collective was unjustly enriched by not equally contributing to any part of the $1,375,000.00 PLUS ATTORNEY'S FEES awarded to Titova and Vasquez and deducted from Plaintiff's arbitrator's award.

51. Plaintiffs now bring this action for Unjust Enrichment, including applicable liquidated damages, interest, attorneys' fees, and costs.

**FIRST CAUSE OF ACTION**
**UNJUST ENRICHMENT**

52. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

53. According to the doctrine of unjust enrichment, the Plaintiff must show "(1) the other party was enriched, (2) at the other party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016).

   1) <u>THE COLLECTIVE WAS UNJUSTLY ENRICHED</u>:

54. On or about April 5, 2019, Maria Vasquez ("Vasquez"), a former dancer and employee of Sapphire, sat for a deposition ("Vasquez Depo") in a lawsuit she filed against Sapphire, James Mark Talla, Jeffrey Wasserman, and Glen Peter Bernardi.  This matter was held before Arbitrator Martin F. Scheinman.

55. During the Vasquez Depo, Plaintiff and the collective were named as "Hosts" who allegedly sexually harassed and or assaulted Vasquez.

56. On or about April 12, 2019, Natalia Titova ("Titova"), a former dancer and employee of Sapphire, sat for a deposition ("Titova Depo") in a lawsuit she filed against Sapphire, James Mark Talla, Jeffrey Wasserman, and Glen Peter Bernardi.  This matter was held before Arbitrator Martin F. Scheinman.

57. During the Titova Depo, Plaintiff and the collective were named as "Hosts" who allegedly sexually harassed and or assaulted Titova.

58. At the end of their arbitrations, Vasquez and Titova were awarded a total of $1,375,000.00.

59. On or about December 2016, Plaintiff filed a lawsuit against Sapphire ("P. Sapphire lawsuit") and David Michael Talla for   FLSA and the regulations thereto; and according to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed: i.  Defendants' failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations; ii.  Defendant's failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6 and 137-1.7; iii.  Defendant's failure to provide Plaintiff with proper paystubs as required by NYLL § 195; and iv.  Defendants' unlawful retention of tips and service fees under NYLL § 196-d.

60. The P. Sapphire lawsuit was brought before Arbitrator Martin Scheinman.

61. At the end of P. Sapphire's lawsuit, Plaintiff was awarded $2,118,483.64 minus the $1,375,000.00 awarded to Titova and Vasquez AND ATTORNEY'S FEES OF $124,920.

62. As evidenced by their deposition transcripts, the Plaintiff and the collective were named "Hosts" and or managers allegedly engaged in the acts that served as the basis of Titova and Vasquez's lawsuit. Yet, Plaintiff was the only Host and or Manager required to foot the bill of the arbitrator's award given to Titova and Vasquez.

63. As a direct result, the collective was unjustly enriched by not equally contributing to any part of the $1,375,000.00 awarded to Titova and Vasquez and deducted from Plaintiff's arbitrator's award.

## THE COLLECTIVE WAS ENRICHED AT THE EXPENSE OF PLAINTIFF ZUNZUROVSKI:

64. Plaintiff Zunzurovski repeats and realleges all paragraphs above as though fully set forth herein.

65. At the end of P. Sapphire's lawsuit, Plaintiff was awarded $2,118,483.64 minus the $1,375,000.00 awarded to Titova and Vasquez AND ATTORNEY'S FEES OF $124,920.

66. As evidenced by their deposition transcripts, the Plaintiff and the collective were named "Hosts" and or managers allegedly engaged in the acts that served as the basis of Titova and Vasquez's lawsuit. Yet, Plaintiff was the only Host and or Manager required to foot the bill of the arbitrator's award given to Titova and Vasquez.

67. As a direct result, the collective was unjustly enriched by not equally contributing to any part of the $1,375,000.00 awarded to Titova and Vasquez and deducted from Plaintiff's arbitrator's award.

## IT IS AGAINST EQUITY AND GOOD CONSCIENCE TO PERMIT THE COLLECTIVE TO RETAIN THE $1,375,000.00 STRIPPED FROM AND OWED TO PLAINTIFF ZUNZUROVSKI

68. As evidenced by their deposition transcripts, the Plaintiff and the collective were named "Hosts" and or managers allegedly engaged in the acts that served as the basis of Titova and Vasquez's lawsuit. Yet, Plaintiff was the only Host and or Manager required to foot the bill of the arbitrator's award given to Titova and Vasquez.

69. The collective engaged in the egregious prohibited conduct listed above. This caused Plaintiff Zunzurovski to suffer economic harm.

70. The collective's actions and omissions warrant an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs respectfully request that this Court enter judgment against Defendants by:

a. For past, present, and future general damages in an amount to be determined at trial;
b. For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages, and others, in an amount to be determined at trial;
c. Any appropriate statutory damages;
d. For costs of suit;
e. For interest as allowed by law;

 f. For attorney's fees; and

 g. All such other and further relief as the Court deems and proper.

## JURY DEMAND

Plaintiffs and all similarly situated employees demand a jury trial on all issues triable by a jury.

Dated: June 12, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

## PRESERVATION NOTICE

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents, and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors. From this point forward, you are directed to prevent any "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any of the information set forth hereafter.

If you cause any such alteration, destruction, or change, direct it or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed. Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoliation.

Electronically Stored Information:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other change to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Snapchat, Google Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice messages, text messages, instant messages or messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties or any potential witnesses. This includes a request that such information not be modified, altered, or deleted due to data compression or disk fragmentation (or other optimization procedures), which processes you are hereby directed to suspend until that data can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to-any such electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

Paper Information:

In terms of the paper information, you are directed to preserve any and all emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents which pertain in any way to the controversy, parties, or witnesses in this matter. Through discovery, we expect to obtain from you a number of documents and other data, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although we may bring a motion with a court for order-preserving documents and other data from destruction or alteration, your obligation to preserve documents and other data for discovery on this case arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant, discoverable information beyond what may be found in printed documents. Therefore, even where a paper copy exists, we will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. We will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter.

This may include, but would not be limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic data created after this complaint's delivery date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence.

Dated: June 12, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

**DEMAND FOR INSURANCE COVERAGE**

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: June 12, 2023
Brooklyn, New York

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com