

M. Adil Yaqoob

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-880-3888 | C: 404-313-9557

October 11, 2023

**VIA ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re: **Zunzurovski v. Finger, et al.**
      **Case No. 23-cv-04883-VM**

Dear Judge Subramanian:

  This firm represents Defendants Desmond C. Finger, Nick Valentine, Maria Katz, John Loukas, Mike Dobronski, and Michael Muller (herein referred to as the "Finger Defendants") in the above-referenced case. We write jointly, on behalf of all the parties including Plaintiff and Defendant Jimmy Kim (together "Defendant Kim" with the Finger Defendants are herein referred to as "Defendants"), to respectfully request (1) a stay of discovery pending decision on Finger Defendants' motion to compel arbitration and Defendants' motions to dismiss; and (2) a 14-day extension of Plaintiff's deadline to oppose Defendants' motions.

  **A.** **The Parties Request a Stay of Discovery Pending a Decision on Defendants' Motions**

  "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (citation omitted). In evaluating whether a stay of discovery pending resolution of a dispositive motion is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist*. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id*. (citation omitted).

  *First*, Defendants have filed fully dispositive motions seeking to either compel arbitration, or to dismiss the Complaint in its entirety and have done so on several alternative grounds upon

akerman.com

which the Court may grant their motions. (ECF Dkt Nos. 27-31). Indeed, Finger Defendants have moved to compel arbitration based on an arbitration agreement indisputably signed by Plaintiff. Further, all Defendants have moved to dismiss the Complaint based on the *Rooker-Feldman* doctrine, the doctrines of claim and issue preclusion, and for failure to state a cause of action for which relief can be granted, and have cited to extensive relevant case law supporting their arguments. While the Court, of course, need not pre-judge the merits of Defendants' motions, Defendants have at the very least made a "credible showing" that their motions are warranted. *Salese v. JP Morgan Chase & Co*., 2023 WL 5047890, at *2 (E.D.N.Y., 2023) (staying discovery where "the arguments Defendants set forth appear, at least on their face, to make a credible showing that subject matter jurisdiction may be lacking on the basis of the *Rooker-Feldman* doctrine."). Where, as here, Defendants file dispositive motions that are potentially meritorious, this Court regularly grants motions to stay discovery. *See Valentini*, 2021 WL 861275, at *1 (staying discovery pending motion to dismiss and stating "Defendants have made a sufficient showing on the merits, which could potentially be dispositive, that weighs in favor of a stay"); *see also Intertec Contracting Turner Steiner Intern., S.A*., 98-CV-9116 (CSH) 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (noting general practice of district courts to stay discovery while a motion to compel arbitration is pending).

*Second*, when a decision on a dispositive motion "may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden ...." *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Here, no discovery will be necessary in this forum if Defendants' fully dispositive motions are granted. Thus, any discovery that is engaged in while Defendants' motions are pending would impose costs on the parties that could be wholly unnecessary. Further, courts routinely stay discovery where, such as here, an initial conference has yet to be held and no discovery schedule has been ordered yet. *See, e.g., Vida Press v. Dotcom Liquidators, Ltd*., No. 2:22-CV-2044, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("[T]here is little or no prejudice identified if a stay is granted. The Court notes that this case is in the earliest stages – the Initial Conference has yet to be held and no discovery schedule has been ordered yet ....").

*Third*, Plaintiff will not be prejudiced by a stay given that he has consented to a stay of discovery pending decision on Defendants' motions. In any event, a mere delay in discovery does not constitute unfair prejudice. *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[A] delay in discovery, without more, does not amount to unfair prejudice.").

Accordingly, the parties respectfully request a stay of discovery in this case pending a decision on Defendants' motions. Given that the initial conference in this case, currently scheduled for October 24, 2023, concerns the administration of discovery, the parties also respectfully request a postponement of the initial conference and associated deadlines until after a decision on Defendants' motions, if still necessary at that point.

**B.      The Parties Request Adjournment of Plaintiff's Deadline to File An Opposition to Defendants' Motions**

The parties also jointly request a 14-day adjournment of Plaintiff's October 11, 2023 deadline to file an opposition to Defendants' motions, up to and until **October 25, 2023**. This request is being made because Plaintiff's counsel has fallen ill and needs the additional time to file his opposition papers. This is the first request to adjourn the deadline for Plaintiff's opposition to Defendants' motions. Consistent with this request, the parties also request a **November 8, 2023** deadline for Defendants to file their reply briefs in further support of their motions.

We thank the Court for its time and attention to this matter and consideration of these requests.

Respectfully Submitted,

*/s/ M. Adil Yaqoob*
M. Adil Yaqoob
Associate
Akerman LLP

cc:    Attorneys of Record (via ECF)

The parties' requests are GRANTED. Discovery is stayed until the Court issues a decision on the pending motions. *See* ECF Nos. 27 and 30. Plaintiff's deadline to file an opposition to these motions is extended until October 25, 2023 and Defendants' deadline to file reply briefs is extended until November 8, 2023.

In addition, the initial pretrial conference scheduled for October 24, 2023 is adjourned *sine die*.

The Clerk of Court is directed to terminate the motion at ECF No. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 12, 2023