

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, WDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

January 9, 2024

**Sent via mail**:
United States District Judge Arun Subramanian
Southern District Of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: **Zunzurovski v. Finger et al.; 1:23-cv-04883-AS**

Dear Judge Subramanian,

My firm represents Aleksandar Zunzurovski ("Mr. Zunzurovski" or "Plaintiff") in the above-referenced case. I write in response to a letter filed by Defendants Desmond C. Finger, Michael Wright, Nick Valentine, John Loukas, Michael Muller, and Maria Katz ("Defendants"), dated December 20, 2023. The defendants ask that this Court grant them leave to file a supplemental memorandum of law related to their Motion to compel arbitration/motion to dismiss this claim. We respectfully request that the Court denies the Defendant's request.

At the onset, it is important to note that Defendants have cited **NO** case law that supports their last-minute Hail Mary attempt to improperly introduce new arguments in a supplemental brief after their Motion has been fully briefed. The reason for this absence of authority, is that there is none!

As detailed below, New York State Courts (Federal and State) have routinely rejected supplemental memorandum who sole purpose is to proffer new legal arguments after a motion has been fully briefed. A party should not be allowed to raise additional legal arguments in supplemental submissions. In fact, this department discourages that practice (Garced v. Clinton Arms Associates, 58 A.D.3d 506, 874 N.Y.S.2d 18 [1st Dept. 2009]) and further submissions should be rejected by the court if a party is attempting to raise new theories of law not previously advanced (Ostrov v. Rozbruch, 91 AD3d 147, 936 N.Y.S.2d 31 [1st Dept 2012]). 133 Essex St. Condo. v. Evanford, LLC, 2012 NY Slip Op 33382(U), ¶ 15 (Sup. Ct.).

Defendants point to the fact that Plaintiff filed an unrelated malpractice lawsuit against his former attorneys for what Plaintiff perceives as their failure to represent Plaintiff's interest properly. The malpractice suit is called *Zunzurovski v. Fisher et al.*, Case No. 1:23-cv-10881 ("Malpractice suite"). In the Malpractice Suit, the Plaintiff raises several causes of action regarding his former

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com



counsel, Liane Fisher, and her decision to engage in a secret intimate relationship with the counsel for the individuals who wrongfully accused the Plaintiff of harassment.  The plaintiff learned that Counsel Fisher disclosed privileged information to her lover and pocketed double the attorney's fees to which she was contractually entitled.  Liane Fisher also went so far as to offer Plaintiff a drink from a bottle of alcohol which was gifted to her by her lover, and never informed Plaintiff of these facts and her secret relationship until the Plaintiff was erroneously found liable for the claims raised by Liane Fishers lovers' clients former Sapphire dancers Natalia Titova and Maria Vasquez.  Plaintiff also raised the fact that his former Counsel Liane Fisher has failed to turn over Plaintiffs files after he requested it in writing on multiple occasions for more than a year.

In addition to those claims, Plaintiff raised the **prospect** of Counsel Fisher's actions and or inactions **potentially** causing Plaintiff to lose his ability to get contribution from defendants in this case for their role in the allegations raised by former Sapphire dancers Natalia Titova and Maria Vasquez.  Plaintiff in no way "**admits**" or "**adopts**" Defendant's position that res judicata precludes Plaintiff from seeking contribution from defendants in this case.

The Plaintiff has the right to file suit against his former counsels and raise all arguments against his former counsel that **may** harm the Plaintiff because of his prior counsels' actions and/or inactions.  Nothing in the Plaintiffs' malpractice case absolves Defendants of their duty and/or obligations to contribute to the 1.3-million-dollar judgment Plaintiff was forced to solely pay due to Defendants' actions.

A supplemental motion after a motion has been fully briefed is typically relegated to notifying the Court of the existence of *new legal authority*, which has manifested after the Motion has been fully briefed.  "While it would be ideal for parties to discover and submit all relevant [authority] before a motion is fully briefed, '[i]t is fairly standard practice for parties to send letters or to otherwise file supplemental authority after briefing is complete.'" *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (ST), 2016 U.S. Dist. LEXIS 119069, 2016 WL 4617159, at *7 (E.D.N.Y. Sept. 2, 2016).  Desimone v. Select Portfolio Servicing, Inc., No. 20-CV-3837 (PKC) (TAM), 2023 U.S. Dist. LEXIS 181124, at *9 (E.D.N.Y. Sep. 30, 2023).  As it is improper to raise new legal arguments and grounds in a reply or supplemental brief, the Court *will not consider the newly raised argument*.  In any event, the documentary evidence submitted fails to utterly refute the plaintiffs' factual allegations, thereby conclusively establishing a defense as a matter of law (*Etzion v Etzion*, 138 A.D.3d 678, 682, 29 N.Y.S.3d 422 [2d Dept 2016]).  Overby v. Fabian, No. 64365/2018, 2019 N.Y. Misc. LEXIS 5388, at *5 n.2 (Sup. Ct. October 11, 2019).  Here, Defendants have cited no such legal authority.

Furthermore, the second Circuit has held that new arguments may not be made after a motion has been fully briefed.  Courts in this district have routinely **REJECTED** supplement briefs attempting to proffer new arguments instead of offering new authority.  *In re Rivera*, the Court held, "will not consider issues raised for the first time … in supplemental briefing... *Freidus v. ING Groep, N.V.*, 543 F. App'x 92, 93 n.1 (2d Cir. 2013) (declining to consider arguments raised in supplemental briefing that appellant failed to raise in his initial brief); *Cesar v. Barr*, 779 F.



App'x. 824, 825 (2d Cir. 2019) (declining to consider issues first raised in the post-argument supplemental briefing); *Rowley v. City of New York*, No. 00 Civ. 1793, (DAB), 2005 U.S. Dist. LEXIS 22241, *13, 2005 WL 2429514 (S.D.N.Y. September 30, 2005) (and cases cited therein) ("[The United States Court of Appeals for the Second Circuit] has made clear it disfavors new issues being raised in reply papers"); *ResCap Liq'g Trust v. Liebert Corp. (In re Residential Capital, LLC)*, No. 12-12020 (MG), 2015 Bankr. LEXIS 1820 at *27 n. 8 (Bankr. S.D.N.Y. June 2, 2015) (refusing to consider arguments raised for the first time in reply). In re Rivera, No. 18-11855 (MEW), 2020 Bankr. LEXIS 2269, at *18-19 (Bankr. S.D.N.Y. August 26, 2020).

As noted above, Courts in this District have routinely treated new arguments in a supplemental brief, as they do new arguments raised for the first time in a reply brief. In *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999), *see Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710 720 n.7 (S.D.N.Y. 1997) "Arguments made for the first time in a reply brief need not be considered by a court." The same principle applies to the supplemental briefing in this case. Hernandez v. Apple Auto Wholesalers of Waterbury LLC, No. 3:17-cv-1857 (VAB), 2022 U.S. Dist. LEXIS 179567, at *23 (D. Conn. September 30, 2022).

This Circuit has made clear it disfavors new issues being raised in reply papers. *See Keefe v. Shalala,* 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (stating that normally the court "will not consider arguments raised for the first time in a reply brief"); *Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993) (stating that "arguments may not be made for the first time in a reply brief"); *NLRB v. Star Color Plate Service, Div. of Einhorn Enterprises, Inc.*, 843 F.2d 1507, 1510 n.3 (2d Cir. 1988) (rejecting a party's "attempts to raise for the first time [a new question] in its reply brief"); *United States v. Letscher,* 83 F. Supp. 2d 367, 377 (S.D.N.Y. 1999) (stating that a new argument is not a basis for granting summary judgment "because arguments raised in reply papers are not properly a basis for granting relief"); *Domino Media, Inc. v. Kranis,* 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (stating that new arguments first raised in reply papers in support of a motion for summary judgment will not be considered"); *Playboy Enters., Inc. v. Dumas,* 960 F. Supp. 710, 720 (S.D.N.Y. 1997) (stating that a court need not consider arguments made for the first time in a reply brief). Rowley v. City of N.Y., 2005 U.S. Dist. LEXIS 22241, at *13-14 (S.D.N.Y. September 29, 2005).

Here, the Defendant's letter is an attempt to proffer new legal arguments to boost their very weak position and incorrectly twists the Plaintiff's unrelated malpractice lawsuit into some sort of admission when nothing could be further from the truth. Plaintiff respectfully ask the Court to deny Defendant's request to file a supplemental motion so they can raise new arguments for the first time after their Motion has been fully briefed. Their supplemental Motion is improper, goes against years of precedent established in this State and this Circuit, and is a futile waste of time.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.