

Jeffrey A. Kimmel

Akerman LLP
1251 Avenue of the Americas, 37th
Floor | New York, NY 10020
D: 212-259-6435 | C: 917-837-0121

February 16, 2024

**VIA ECF**
Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re: **Zunzurovski v. Finger, et al.**
       **Case No. 23-cv-04883-VM**_____

Dear Judge Subramanian:

  This firm represents Defendants Desmond C. Finger, Nick Valentine, Maria Katz, John Loukas, Mike Dobronski, and Michael Mueller ("Defendants") in the above-referenced case. We write to respectfully apprise the Court that counsel for Plaintiff, Mr. Tyrone A. Blackburn ("Mr. Blackburn") has been ordered to show cause as to why Rule 11 sanctions should not be imposed on him for, among other things, falsely representing that he is admitted to practice in the United States District Court for the Southern District of New York in a case called *Zunzurovski v. Fisher et. al.*, Case No. 1:23-cv-10881. A copy of this order (the "Order") is annexed hereto. Mr. Blackburn has also been ordered to show cause as to why he should not be sanctioned for failing to move for admission pro hac vice or to associate with counsel admitted to practice in this Court. *See* Order at 4.

  Critically, Mr. Blackburn has repeatedly represented, in this case along with in the *Fisher* case, that he is admitted to practice before this Court despite the Clerk of this Court having no record of Mr. Blackburn being admitted to practice before this Court. *See e.g.*, ECF Dkt No. 40 (the header of the letter asserting that Mr. Blackburn is admitted in the "SDNY"); *see also* Order at 1 ("[t]he Clerk of Court does not have a record that Tyrone A. Blackburn is a member of this Court's bar"). Nor has Mr. Blackburn moved for admission pro hac vice in this case or associated with counsel admitted to practice in this Court.[1]

---

[1] Defendants also note that Mr. Blackburn is being ordered to show cause as to why he should not be sanctioned for failure to conduct a reasonable inquiry as to the state citizenship of certain Defendants in the *Fisher* case. *See* Order at 4. This is notable because Mr. Blackburn has engaged in similar conduct in this case where he falsely claimed that former Defendant Michael Wright was a citizen of New York (and resided at his workplace) before dismissing Plaintiff's claim against Defendant Wright without prejudice after counsel for Defendants advised Mr. Blackburn that Defendant Wright did not reside in New York and advised him that Defendants would be moving to dismiss for,

akerman.com

Honorable Arun Subramanian
February 16, 2024
Page -2-

      We appreciate the Court's attention to this matter and are available to discuss any of the foregoing during a conference before Your Honor.

Respectfully Submitted,

*/s/ Jeffrey A. Kimmel*
Jeffrey A. Kimmel
Partner
For the Firm

cc:    Attorneys of Record (via ECF)

---

among other things, lack of complete diversity and seeking attorneys' fees and costs for the same. *See* ECF Dkt No. 17. The Court in the *Fisher* case also noted Mr. Blackburn's conduct in five other actions in this District that have been dismissed for lack of jurisdiction or transferred or dismissed for lack of venue. *See* Order at 2.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :   23cv10881(DLC)
ALEKSANDAR ZUNZUROVSKI,                    :
                                           :   ORDER
                          Plaintiff,       :
              -v-                          :
                                           :
LIANE FISHER, et al.,                      :
                                           :
                          Defendants.      :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

    This action was filed on December 14, 2023. A conference is scheduled for March 5, 2024.

    On February 1, 2024, plaintiff's counsel filed a letter accusing defendants' counsel of refusing to mediate with a mediator of color. The letterhead includes counsel's name and adds "Federal Membership: EDNY, NDNY, WDNY, SDNY, ILND & DNJ." The Clerk of Court does not have a record that Tyrone A. Blackburn is a member of this Court's bar.

    On February 9, defense counsel requested an immediate conference to discuss, <u>inter alia</u>, adverse counsel's abusive tactics and this Court's lack of subject matter jurisdiction over the case. Defense counsel also submitted an email exchange dated December 15, 2023, in which defense counsel advised plaintiff's counsel that there was not complete diversity of

citizenship between the parties because both plaintiff and defendant Fisher are domiciled in New Jersey.

Plaintiff's counsel then filed, on February 9, a purported notice of voluntary dismissal as to defendant Fisher as well as a letter addressing certain of the claims in defense counsel's letter. Because the notice of dismissal does not dismiss all of the parties or the action in its entirety, and was not signed by all parties who have appeared, it requires approval by the Court. See Fed. R. Civ. P. 41(1)(A)(i)(ii),(2).

Pursuant to Fed. R. Civ. P. 7.1 and to this Court's Individual Practices, § 5.B., in any action in which subject matter jurisdiction is founded on diversity of citizenship, the the party asserting the existence of such jurisdiction shall file on ECF a letter no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists. In cases where any party is a limited partnership, the letter must state the citizenship of each of the entity's partners. It appears that plaintiff's counsel has filed at least five other actions in this district that have been dismissed for lack of jurisdiction or transferred or dismissed for lack of venue: 19cv11573, 20cv2598, 23cv3389, 23cv3919, 23cv4211.

Fed. R. Civ. P. 11(b) provides that by presenting a pleading, written motion, or other paper to the Court, an

2

attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass; that the claims and other legal contentions are warranted by existing law; and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(c) provides that the Court may impose sanctions for violations of Rule 11(b), including but not limited to nonmonetary directives; an order to pay a penalty into court; or, if imposed after a show-cause order issued under Rule 11(c)(3) before voluntary dismissal or settlement of the claims, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation.

If an attorney alleges jurisdiction "when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount." Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998). Further, this Court "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Accordingly, it is hereby

ORDERED that plaintiff's counsel file by March 4, 2024 a letter explaining the basis for plaintiff's belief that

3

diversity of citizenship was present in this action on December 14, 2023.

IT IS FURTHER ORDERED that plaintiff's counsel shall show cause at the March 5, 2024 conference why Rule 11 sanctions should not be imposed on plaintiff's counsel, and why plaintiff's counsel should not be referred to the New York State Second Judicial Department Attorney Grievance Committee, for the following conduct:

- Failure to conduct a reasonable inquiry into the citizenship of defendants Liane Fisher and Fisher Taubenfeld, LLP ("NJ Defendants") prior to filing the complaint in this action on December 14, 2023

- Failure to conduct a reasonable inquiry into the NJ Defendants' citizenship prior to submitting the February 1, 2024 letter

- Failure to conduct a reasonable inquiry into the citizenship of defendant Fisher Taubenfeld, LLP prior to submitting the February 9, 2024 letter

- Falsely representing counsel's admission to practice in this Court

- Failure to move for admission pro hac vice or to associate with counsel admitted to practice in this Court

Dated: New York, New York
February 15, 2024

_____
DENISE COTE
United States District Judge

4