UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEKSANDAR ZUNZUROVSKI,

                Plaintiff,

-against-

DESMOND C. FINGER, et al.,

                Defendants.

23-cv-4883 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Defendants Desmond C. Finger, Nick Valentine, Maria Katz, John Loukas, Jimmy Kim, Michael Mueller, and Mike Dobronski move to dismiss Plaintiff Aleksandar Zunzurovski's complaint and to compel arbitration. For the following reasons, the motion to compel arbitration is DENIED and the motion to dismiss is GRANTED.

## BACKGROUND[1]

    Zunzurovski and Defendants are former employees of Jacaranda Club, LLC d/b/a Sapphire New York (Sapphire), a strip club in New York City. Compl. ¶¶ 5, 6, 10, 14, 18, 22, 26, 30, 34, Dkt 1. During his employment, Zunzurovski entered into an arbitration agreement with Sapphire. Dkt. 29-2. The parties agreed "that any controversy, dispute, or claim arising out of [Zunzurovski's] employment at Sapphire, whether contractual, or tort, or based upon statute, shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act." *Id.*

    Two of Sapphire's dancers, Maria Vasquez and Natalia Titova, filed an arbitration against the club and various club managers. Compl. ¶¶ 41, 43. The women claimed that they were sexually assaulted and harassed by Sapphire employees, including Zunzurovski. ¶¶ 42, 44. The matter was heard before Arbitrator Martin F. Scheinman, and Vasquez and Titova were awarded a total of $1,375,000. ¶¶ 41, 45.

    In 2016, Zunzurovski sued Sapphire and Sapphire's owner, claiming that they violated state and federal law by failing to pay him proper wages during his employment at Sapphire. ¶ 46. The suit was heard in an arbitration before Arbitrator Scheinman. ¶ 47. Sapphire brought a counterclaim for breach of fiduciary duty. Dkt. 29-1 at 2. Arbitrator Scheinman found that Zunzurovski was entitled to $2,118,483.64 based on his claims. *Id.* at 36–51, 67.

    Arbitrator Scheinman also found that Zunzurovski had breached his duty to Sapphire by sexually harassing and assaulting entertainers and pressuring them to give him a percentage of their earnings. *Id.* at 55–59. According to Arbitrator Scheinman, Zunzurovski's behavior was the

---

[1] This opinion accepts as true the facts alleged in Zunzurovski's complaint. The Court also relies, as appropriate, on exhibits attached to Defendants' submissions that are incorporated by reference into the complaint. *See Fasano v. Li*, 2023 WL 6292579, at *1 n.1 (S.D.N.Y. Sept. 27, 2023).

"most extreme and inappropriate behavior as can be found in a workplace environment," and included "forc[ing] Titova and Vasquez to engage in oral sex against their will," "routinely grabb[ing] Vasquez'[s] breasts and buttocks without her consent," and "extort[ing] money from these women in direct contravention of Sapphire's policies." *Id.* at 60–61. Arbitrator Scheinman ordered that Zunzurovski pay Sapphire 75% of the money Sapphire paid to Titova and Vasquez as well as the attorneys' fees Sapphire expended in the prior arbitration. *Id.* at 61.

Zunzurovski moved for reconsideration. Dkt. 29-4. He argued that he "was only responsible for a portion of settlements" with Titova and Vasquez "and indemnification is not permitted when responsibility is shared." *Id.* at 1. Arbitrator Scheinman declined to alter the award. Dkt. 29-5 at 11, 14. Zunzurovski then filed a petition to partially confirm and partially vacate the arbitration award in New York state court. Dkts. 29-6 to -7. The New York court declined to modify the award. Dkt. 29-8. Finally, the parties entered into a settlement agreement in which Zunzurovski released all wage claims against Sapphire in exchange for Sapphire paying him $339,082.34. Dkt. 29-9.

Zunzurovski now brings a claim for unjust enrichment against Defendants. He alleges that Vasquez and Titova were also sexually harassed and assaulted by Defendants, but he "was the only Host or Manager required to foot the bill of the arbitrator's award given to Titova and Vasquez." ¶¶ 55, 57, 62. According to Zunzurovski, Defendants were "unjustly enriched by not equally contributing." ¶ 63.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

As for a motion to compel arbitration, courts "apply a standard similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (internal quotations and citations omitted). The court may consider "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Id.* (cleaned up).

## DISCUSSION

### I. Defendants' motion to compel arbitration is denied.

Defendants first argue that this dispute must be arbitrated because Zunzurovski's claim falls within the scope of his valid and enforceable arbitration agreement with Sapphire. The Court disagrees.

"The party seeking to compel arbitration bears an initial burden of demonstrating that an agreement to arbitrate" exists. *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101–02 (2d Cir. 2022). The burden then "shifts to the party seeking to avoid arbitration to 'show[ ] the

agreement to be inapplicable or invalid.'" *Id.* (quoting *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010)). "[T]he federal policy in favor of arbitration requires that 'any doubts concerning the scope of arbitrable issues' be resolved in favor of arbitration." *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). But this policy "does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). Instead, "a court must hold a party to its arbitration contract just as the court would to any other kind." *Id.*

Here, the arbitration agreement is between Zunzurovski and Sapphire. Dkt. 29-2. "Inasmuch as an arbitration clause is a contractual right, the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement." *Degraw Const. Grp., Inc. v. McGowan Builders, Inc.*, 152 A.D.3d 567, 569 (2d Dep't 2017) (citation omitted); *see also Ross v. Am. Exp. Co.*, 547 F.3d 137, 143 (2d Cir. 2008) (reversing district court's grant of a motion to compel arbitration because "[a]rbitration is a matter of contract, but the plaintiffs have not entered into any contract whatever with [the defendant], let alone any contract containing an arbitration clause").

Defendants argue that the arbitration agreement applies to this dispute because the agreement covers "any other persons or entities associated with Sapphire." Dkt. 28 at 11; Dkt. 37 at 4. This argument misreads the unambiguous language of the agreement. Taking a step back, the arbitration agreement is part of a broader contract entitled "arbitration agreement and waiver of class/collective action." Dkt. 29-2 (capitalization omitted). The first two paragraphs of the contract concern arbitration and state that "the parties hereto agree that any controversy dispute or claim arising out of [Zunzurovski's] employment at Sapphire, whether contractual, in tort, or based upon statute, shall be exclusively decided by binding arbitration." *Id.* The final paragraph of the contract relates to Zunzurovski's waiver of class-action and collective-action rights. This paragraph begins by stating: "All claims or disputes between the parties (and any other persons or entities associated with Sapphire) will be litigated individually[.]" *Id.* So the language of "any other persons or entities associate with Sapphire" does not apply to the scope of Zunzurovski's arbitration agreement and instead relates only to Zunzurovski's waiver of his class- and collective-action rights. Defendants are therefore not express third-party beneficiaries of the arbitration agreement.

In their reply papers, Defendants argue that they can enforce the arbitration agreement "as employees of Sapphire." Dkt. 37 at 5. Defendants cite cases concerning non-signatory defendants enforcing arbitration agreements when claims against them relate to conduct they undertook as agents of a signatory. *See Degraw*, 152 A.D.3d at 570 (compelling arbitration of claims against individual defendants because "the alleged misconduct attributed to the individual defendants in the complaint related to their behavior as employees and officers of" the signatory); *DiBello v. Salkowitz*, 4 A.D.3d 230, 232 (1st Dep't 2004) ("[G]iven the employment-related nature of the claims, [the non-signatory employee-defendant], as an agent of [the signatory employer-defendant], is entitled to demand arbitration of the claims against him[.]").

This agency argument was raised for the first time in Defendants' reply papers and therefore need not be considered. *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017) ("The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs need not be considered."). But in any event, the argument fails because Zunzurovski's claims concern Defendants' alleged sexual assault and harassment of two Sapphire employees. Compl. ¶¶ 55, 57. And under New York law, an employee who commits sexual assault is not acting as an agent of his employer. *See, e.g.*, *Edwardo v. Roman Cath. Bishop*, 66 F.4th 69, 74 (2d Cir. 2023) ("New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." (citation omitted)).

There are other situations in which a non-signatory to an arbitration agreement may compel a signatory to arbitrate disputes, such as in cases of estoppel. *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354, 362 (2d Cir. 2008). But Defendants' papers do not raise any of these arguments, and none is apparent from the record. The Court therefore holds that Defendants may not seek to compel arbitration based on Zunzurovski's arbitration agreement with Sapphire.

## II.   Defendants' motion to dismiss is granted.

### A.   *Rooker-Feldman* Doctrine

Defendants next say that this case is barred by the *Rooker-Feldman* doctrine. The Second Circuit has clarified that "[t]he *Rooker-Feldman* doctrine does not raise a question of Article III jurisdiction" but, rather, is statutory in nature. *Butcher v. Wendt*, 975 F.3d 236, 243 (2d Cir. 2020). For that reason, this Court "may assume hypothetical statutory jurisdiction in order to resolve this [case] on the merits," and "[d]oing so is particularly appropriate in this case, where the jurisdictional issue is both novel and arguably complex, while [Zunzurovski's] claims are plainly meritless." *Id.* at 244.

### B.   Failure to State a Claim

The Court agrees with Defendants that Zunzurovski's complaint does not state a claim for unjust enrichment. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). "The 'essence' of such a claim 'is that one party has received money or a benefit at the expense of another.'" *Id.* (quoting *City of Syracuse v. R.A.C. Holding, Inc.*, 685 N.Y.S.2d 381, 381 (4th Dep't 1999)). "The plaintiff must plead facts showing that the defendant actually received a 'specific' and 'direct' benefit." *Brevet Holdings, LLC v. Enascor, LLC*, 2022 WL 3916376, at *6 (S.D.N.Y. Aug. 31, 2022); *see also Kaye*, 202 F.3d at 616 (while testimony suggested an "indirect benefit," "it does not establish the specific and direct benefit necessary to support an unjust enrichment claim").

Zunzurovski alleges that he was not awarded the full $2,118,83.64 in unpaid wages that Sapphire owed him. Compl. ¶ 61. Instead, $1,499,920 was subtracted from this amount because

4

Sapphire succeeded on its breach of fiduciary duty counterclaim based on Zunzurovski's sexual harassment and assault of Titova and Vasquez. ¶¶ 55, 57, 61. According to Zunzurovski, this was unfair because Defendants also assaulted Titova and Vasquez but were not required to pay. ¶¶ 62–63.

The complaint does not identify any "specific and direct" benefit that Defendants received when Zunzurovski was found liable for breaching his fiduciary duty to Sapphire. The complaint does not allege that Defendants were parties to any action where they were excused from liability or costs due to Zunzurovski's arbitration outcome. Zunzurovski does not even allege a hypothetical future benefit, such as that Defendants were insulated from liability against a potential claim for breach of fiduciary duty by Sapphire or against tort claims by Titova and Vasquez. The Court simply cannot find any allegation in the complaint—conclusory or otherwise—explaining how Defendants obtained any "specific and direct" benefit stemming from Zunzurovski's arbitration award. Zunzurovski's brief cites no case on this issue, period. And it certainly doesn't cite any case stretching the doctrine of unjust enrichment under New York law to the situation alleged in the complaint. *Cf. Swartz v. Swartz*, 145 A.D.3d 818, 829 (2d Dep't 2016) ("A cause of action alleging unjust enrichment requires the plaintiff to set forth that the defendant possessed property or assets of the plaintiff.").

In addition, Zunzurovski has not alleged any facts explaining why equity and good conscience would require restitution. "[A]pplying the broad discretion contained in the third element, courts have imposed various additional requirements such as: services must have been performed for the defendant, services must have been performed at defendant's behest, or defendant must have assumed an obligation to pay plaintiff for services it received." *Nat'l Cas. Co. v. Vigilant Ins. Co.*, 466 F. Supp. 2d 533, 543 (S.D.N.Y. 2006) (citations omitted) (dismissing unjust-enrichment claim based on plaintiff's allegations that plaintiff's co-insurer "benefited from [plaintiff's] expenditure on defense costs but failed to pay its equitable share of those costs"). Zunzurovski's reduced payment from Sapphire was not at Defendants' behest or for Defendants' benefit. Rather, he was found liable for breaching his own fiduciary duty to Sapphire. Nor does the complaint say that Defendants took on, but then shirked, an obligation to pay a portion of Sapphire's recovery against Zunzurovski. Once again, Zunzurovski cites to zero cases that would support his entitlement to relief on the allegations contained in the complaint, or anything like them.

At the end of the day, Zunzurovski is unhappy with what happened in the arbitration, where most of his wage recovery was negated by Sapphire's counterclaim. But he can't attack the arbitration directly in this Court. So he attacks it indirectly by trying to shift his counterclaim losses to others. While Zunzurovski might find the outcome of the arbitration "unjust," the complaint fails to allege that Defendants were "enriched" in a way that would provide a pathway to relief here. Nor does Zunzurovski cite to any authority indicating a right to relief under the banner of unjust enrichment on the facts alleged here.

C. <u>Leave to Amend</u>

In his opposition brief, Zunzurovski seeks leave to amend his complaint. Generally, leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court denies leave to amend here. Under Federal Rule of Civil Procedure 15(a)(1)(B), Zunzurovski could have amended his complaint without the Court's leave within 21 days after Defendants' motions to dismiss were served. He didn't. Further, this Court's practices are clear that in response to a motion to dismiss, a non-moving party that elects to amend "must," within 10 days, "notify the Court and its adversary if it intends to file an amended pleading pursuant to Rule 15(a)(1), and the date by which it will do so." Individual Pracs. in Civ. Cases ¶ 8.G.ii. He didn't do that either. The Court's practices make clear that "declining to amend [its] pleadings to timely respond to an argument in the motion to dismiss may constitute a waiver of [the plaintiff's] right to later use the amendment process to cure defects that have been made apparent by the briefing." *Id*. Zunzurovski made no effort to follow these procedures. *See Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 821 F.3d 349, 351–52 (2d Cir. 2016) (affirming denial of leave to amend when "the district court's rules explicitly state that if a party does not elect to amend within 21 days of a motion to dismiss no further opportunity to amend will ordinarily be granted" and plaintiff failed to follow those rules).

Compounding this issue, Zunzurovski was clearly aware of "defects that have been made apparent by the briefing," to quote this Court's practices. Individual Pracs. in Civ. Cases ¶ 8.G.ii. Zunzurovski's brief straightforwardly claims his desire to "place detailed facts on the record and to ensure that every cause of action that can be brought is raised" and "seek[s] to amend [his] Complaint to clarify legal allegations, add facts, and provide further detail and evidence to support [his] case." Dkt. 34 at 19. But the brief doesn't explain what additional claims or allegations he would raise, nor did Zunzurovski provide the Court or Defendants with a copy of a proposed amended complaint. Here, Zunzurovski "has not attached a proposed amended complaint, and gives no clue as to how the complaint's defects would be cured." *In re Trib. Co. Fraudulent Conv. Litig.*, 2018 WL 6329139, at *21 (S.D.N.Y. Nov. 30, 2018) (citation omitted), *aff'd*, 10 F.4th 147 (2d Cir. 2021). "At a minimum, on a motion seeking to amend a pleading, a party must provide details of the proposed changes to the pleading." *Ramos v. City of New York*, 2021 WL 4150420, at *1 (S.D.N.Y. Sept. 13, 2021) (denying leave to amend for failure to provide a proposed amended complaint or other details regarding the proposed amendment); *see also, e.g.*, *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (affirming denial of leave to amend when the plaintiff requested leave in his opposition to the defendant's motion to dismiss and "identified no particular facts that would be introduced into an amended complaint").

6

These defects are enough to deny amendment for failure to cure, undue delay, and for failing to follow the Court's procedures. But the Court also observes that given Zunzurovski's failure to cite a single relevant fact he would allege in an amended complaint to address Defendants' arguments, or a legal authority that indicates that a recovery on unjust enrichment grounds would be appropriate on some set of facts within the realm of a possible amendment, any amendment would be futile. For all of these reasons, the Court denies leave to amend.

### III.     Defendants' request for attorney's fees is denied.

Defendants Finger, Valentine, Katz, Loukas, Dobronski, and Mueller also request attorneys' fees for the filing of their motions. Dkt. 28 at 20. The request is denied. Defendants appear to be requesting fees as a sanction, pursuant to Federal Rule of Civil Procedure Rule 11. But their request—included as one paragraph in a motion to dismiss—does not comply with Rule 11. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). In any event, sanctions are not warranted. Defendants primarily base their request for fees on their arbitration-agreement argument, which the Court has rejected.

### CONCLUSION

Zunzurovski's complaint is DISMISSED WITH PREJUDICE. In addition, Defendants' letter motion for leave to file a supplemental memorandum of law and Zunzurovski's letter motion in opposition are DENIED as moot.

The Clerk of Court is directed to terminate Dkts. 27, 30, 39, and 41 and to close the case.

SO ORDERED.

Dated: February 28, 2024
       New York, New York

ARUN SUBRAMANIAN
United States District Judge